**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**November 21, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: A.B., L.B., B.M., and W.M.

No. 16-0653 (Fayette County 15-JA-65, 15-JA-66, 15-JA-67, & 16-JA-01)

**MEMORANDUM DECISION**

Petitioner Mother A.M., by counsel Jennifer M. Alvarez, appeals the Circuit Court of Fayette County's June 7, 2016, order terminating her parental rights to fifteen-year-old L.B., twelve-year-old A.B., two-year-old B.M., and four-month-old W.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem, Vickie L. Hylton, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in limiting her visitation with the children and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In May of 2015, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused alcohol and put her children in danger when she was arrested and charged for driving while intoxicated with two of the children in the vehicle.[2] The petition contained additional allegations that petitioner's home was unsanitary and "in disarray," there was garbage inside the home and covering the front porch and yard, the children suffered from poor hygiene, and she and the father engaged in domestic violence in the children's presence. The petition also noted that petitioner was involved in a previous abuse and neglect proceeding based upon the

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner was later indicted on two counts of gross child neglect creating risk of bodily injury and one count driving under the influence of alcohol. She later pled guilty to one felony count of child neglect creating risk of bodily injury and one misdemeanor count of driving under the influence of alcohol.

1

same issues of substance abuse and domestic violence.[3] Later, petitioner waived her right to a preliminary hearing.

In July of 2015, the circuit court held an adjudicatory hearing wherein petitioner stipulated to the allegations as contained in the petition. Based upon petitioner's stipulation, the circuit court found that petitioner abused the children and her substance abuse affected her ability to parent. The circuit court ordered that petitioner submit to random drug and alcohol screening as a requirement for supervised visitation with the children. Petitioner then moved for and was granted a post-adjudicatory improvement period. The terms and conditions of petitioner's post-adjudicatory improvement period required her to submit to a psychological evaluation; attend parenting skills and adult life skills classes; undergo domestic violence counseling; establish a clean, safe, drug-free, and stable home; maintain gainful employment; and submit to random drug and alcohol screening, random pill counts and prescription medication monitoring.

In January of 2016, following W.M.'s birth, the DHHR filed an amended petition that contained the same allegations as set forth in the original petition and noted that petitioner tested positive for Valium when she did not have a prescription for that medication. Subsequently, petitioner waived her right to a second preliminary hearing. In March of 2016, the circuit court held a second adjudicatory hearing wherein petitioner stipulated to the allegations as set forth in the amended petition.

In April of 2016, the circuit court held a dispositional hearing wherein the circuit court heard testimony from a DHHR worker that petitioner failed to participate in services, failed to provide copies of prescriptions for medications, tested positive for benzodiazepine and marijuana, and refused to participate in some random drug and alcohol screenings. The worker testified that petitioner did not exercise her visitation with the children because she refused to submit to random drug and alcohol screening and visitation was ultimately terminated in February of 2016 because of petitioner's non-compliance. The worker also testified that petitioner failed to remove the excessive amount of trash that littered the home and the property. The worker further testified that petitioner refused to allow service providers into the home on multiple occasions and, as a result, petitioner's services were terminated. The guardian noted on the record that petitioner often refused her access to the home, was confrontational, and demanded that the guardian vacate the property on multiple occasions.

By order entered June 7, 2016, the circuit court found that petitioner did not meaningfully participate in any of the services provided to her and did not "seem to be implementing anything that [she] learned in order to make substantial changes in [her] home." The circuit court noted that the home was in much the same condition as it was when the petition was filed and petitioner failed to make any changes or long-term improvements. The circuit court found that petitioner "exhibited great hostility against" the DHHR, service providers, and the guardian which resulted in her non-compliance with services. The circuit court also found there was no

---

[3]The DHHR provided petitioner with extensive services in the previous case, which included individualized parenting and adult life skills classes. Ultimately, the children were returned to her custody.

reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future and that it was in the children's best interests to terminate petitioner's parental rights. It is from this order that petitioner now appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in limiting her visitation with the children and that the limitation caused her failure to comply with the terms of her improvement period. However, petitioner fails to articulate a causal relationship.

West Virginia Code § 49-4-610(7) requires the termination of an improvement period "when the court finds that [a parent] has failed to fully participate in the terms of the improvement period." Additionally, we have long held that "[i]t is within the court's discretion to grant an improvement period . . . [and] it is also within the court's discretion to terminate the improvement period . . . if the court is not satisfied that the [parent] is making the necessary progress." Syl. Pt. 2, *In re Lacey P.*, 189 W.Va. 580, 433 S.E.2d 518 (1993). Moreover, the record is clear that petitioner's willful noncompliance with services left the circuit court no choice but to terminate her post-adjudicatory improvement period. The circuit court heard testimony that petitioner refused to participate in random drug and alcohol screenings, or permit random pill counts. She further tested positive on at least two occasions for Valium, for which she did not have a prescription, and marijuana. The circuit court also heard testimony that petitioner was provided with waste removal services but failed to adequately utilize the services to correct the unsanitary conditions present at the home.

Simply put, the circuit court's requirement that petitioner undergo drug screening in order to visit the children was implemented to protect the children's welfare and had no impact on petitioner's ability to comply with the numerous services the DHHR offered that were wholly unrelated to visitation. Because petitioner failed to fully participate in her improvement period or make sufficient progress, we find no error.

Petitioner also argues that the circuit court erred in terminating her parental rights because she was substantially complying with the terms and conditions of her improvement period, despite the guardian's "actively sabotaging" her attempts at compliance.[4] However, as outlined above, the evidence overwhelmingly established that petitioner failed to comply with the terms and conditions of her improvement period. Moreover, petitioner's argument ignores the requirement that the circuit court terminate her parental rights upon findings that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected and that termination is necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected when

> [t]he abusing parent or parents have not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child.

At disposition, the circuit court found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse or neglect because she did not meaningfully participate in any of the services provided to her, did not implement anything that she learned, and failed to make substantial changes in the home or any long-term improvements. The circuit court also found that termination of petitioner's parental rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are required to terminate a parent's parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 7, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

---

[4]There is no evidence on the record that petitioner, verbally or in writing, moved the circuit court to remove the guardian or that she brought any incidents of alleged misconduct to the circuit court's attention.

4